IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In re: US Real Estate Equity Builder, LLC,** )<br>)<br>Debtor. )<br>_____) | Case No. 20-21358<br>Chapter 7 |
| )<br>**CHRISTOPHER J. REDMOND,** )<br>**CHAPTER 7 TRUSTEE,** )<br>)<br>Plaintiff, )<br>v. )<br>)<br>**GUARDIANS OF TRAVEL LLC** )<br>**AND MACKAYLEE BEACH,** )<br>)<br>Defendants. )<br>) | Adv. No. 22-06049 |

## DEFENDANT MACKAYLEE BEACH'S ANSWER

Mackaylee Beach ("Beach"), by and through undersigned counsel, answers the Trustee's "Complaint to Avoid Transfers Pursuant to 11 U.S.C. §§ 544, 547, And 548, To Recover Property Transferred Pursuant to 11 U.S.C. §550, And Disallow Claim Pursuant to 11 U.S.C. § 502(d)" as follows:

### JURISDICTION[1]

1. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach denies the same. As indicated below and in accordance with Fed. Bankr. R. 7012(b), Beach does not consent to entry of final orders or judgment by this Court in this proceeding.

---

[1] The headings used by the Trustee are repeated herein for convenience only. To the extent any heading makes any allegation of fact to which a response is required, Beach denies the same.

1

2. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach denies the same.

3. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach denies the same.

## BACKGROUND AND PARTIES

4. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach denies the same.

5. Admitted.

6. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

7. Admitted.

8. Admitted.

9. Admitted.

10. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph regarding what Tarpenning stated at a prior 341 meeting and therefore denies the same.

11. Denied that Beach ever acted as the "managing member" of U.S. Real Estate Equity Builder, LLC ("Debtor").

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

### Guardians of Travel Claims

16. Admitted that the allegations in paragraph 16 accurately reflect information included in Guardians' amended proof of claim filed on or about February 4, 2021, which speaks for itself. Beach further states that Guardians of Travel filed an additional amended proof of claim ("Claim 12-4") on December 1, 2022, which speaks for itself.

17. Admitted that the allegations in paragraph 17 accurately reflect information included in Guardians' amended proof of claim filed on or about February 4, 2021, which speaks for itself. Beach further states that the same contract was attached to Claim 12-4.

18. Admitted that the allegations in paragraph 18 accurately reflect information included in Guardians' amended proof of claim filed on or about February 4, 2021, which speaks for itself. Beach further states that Guardians of Travel filed an amended proof of claim, Claim 12-4, on December 1, 2022, which amended Claim 12-3.

19. Denied, in part. As reflected in Guardians' amended proof of claim, Claim 12-4, Guardians received a single $3,000 payment towards the 2018 Note on or about November 6, 2019.

### Debtor's Insolvency and Financial Statements

20. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph, including subparts (a)-(e), and therefore denies the same and leaves the plaintiff to his proof.

21. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

22. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

23. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

24. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

25. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

26. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

<u>Transfers</u>

27. Beach admits that she received certain transfers from the Debtor before the Debtor filed for bankruptcy, but denies that she received any transfers which are avoidable.

28. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

29. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

30. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

31. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

32. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

33. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

34. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

35. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

36. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

37. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

38. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

39. Beach admits that her 2020 W-2 from USREEB indicates wages in the amount of $48,846.18. Beach denies the remaining allegations in Paragraph 39 and notes that the Complaint's allegations regarding the 90-day transfers are internally inconsistent. Compare Paragraph 39 (alleging $42,489.76 in 90-day transfers) with Paragraph 72 (alleging $22,855.31 in 90-day transfers) with Complaint Exhibit 6 (alleging $27,670.65 in transfers between July 2, 2020 and October 2, 2020). Likewise, the Complaint's allegations regarding the One Year transfers are internally inconsistent. Compare Paragraph 39 (alleging $90,520.82 in One Year Transfers) with Paragraph 72 (alleging $61,392.62 in One Year Transfers) with Complaint Exhibit 6 (alleging $74,594.78 in transfers between October 2, 2019 and October 2, 2020).

40. Denied.

41. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

42. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach denies the same. Beach further denies that the transfers identified in Exhibit 3 were made outside of ordinary course or are otherwise avoidable.

43. Denied.

## CAUSES OF ACTION

### COUNT I
### AVOIDANCE AND RECOVERY OF PREFERENCE
### PURSUANT TO 11 U.S.C. § 547 (GOT)

44. Beach adopts and incorporates the responses to the preceding allegations as if set forth fully herein.

45. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

46. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

47. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of those allegations and therefore denies the same and leaves the plaintiff to his proof.

48. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach lacks sufficient knowledge or information

upon which to form a belief about the truth or falsity of those allegations and therefore denies the same and leaves the plaintiff to his proof.

49. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of those allegations and therefore denies the same and leaves the plaintiff to his proof.

50. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of those allegations and therefore denies the same and leaves the plaintiff to his proof.

51. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of those allegations and therefore denies the same and leaves the plaintiff to his proof.

The Trustee's prayer following Count I makes no factual allegations to which a response is required. To the extent any statement in the prayer is deemed factual, Beach denies the same.

## COUNT II
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER
## PURSUANT TO 11 U.S.C. § 548

52. Beach adopts and incorporates the responses to the preceding allegations as if set forth fully herein.

53. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

54. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of those allegations and therefore denies the same and leaves the plaintiff to his proof.

55. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of those allegations and therefore denies the same and leaves the plaintiff to his proof.

56. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of those allegations and therefore denies the same and leaves the plaintiff to his proof.

The Trustee's prayer following Count II makes no factual allegations to which a response is required. To the extent any statement in the prayer is deemed factual, Beach denies the same.

## COUNT III
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER
## PURSUANT TO 11 U.S.C. § 544(b)

57. Beach adopts and incorporates the responses to the preceding allegations as if set forth fully herein.

58. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

59. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach lacks sufficient knowledge or information

upon which to form a belief about the truth or falsity of those allegations and therefore denies the same and leaves the plaintiff to his proof.

60. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of those allegations and therefore denies the same and leaves the plaintiff to his proof.

61. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of those allegations and therefore denies the same and leaves the plaintiff to his proof.

62. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of those allegations and therefore denies the same and leaves the plaintiff to his proof.

The Trustee's prayer following Count III makes no factual allegations to which a response is required. To the extent any statement in the prayer is deemed factual, Beach denies the same.

## COUNT IV
## RECOVERY OF AVOIDABLE TRANSFER
## PURSUANT TO 11 U.S.C. § 550

63. Beach adopts and incorporates the responses to the preceding allegations as if set forth fully herein.

64. Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies the same and leaves the plaintiff to his proof.

65. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of those allegations and therefore denies the same and leaves the plaintiff to his proof.

66. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of those allegations and therefore denies the same and leaves the plaintiff to his proof.

67. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of those allegations and therefore denies the same and leaves the plaintiff to his proof.

The Trustee's prayer following Count IV makes no factual allegations to which a response is required. To the extent any statement in the prayer is deemed factual, Beach denies the same.

## COUNT V
## DISALLOWANCE OF CLAIMS

68. Beach adopts and incorporates the responses to the preceding allegations as if set forth fully herein.

69. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach lacks sufficient knowledge or information upon which to form a belief about the truth or falsity of those allegations and therefore denies the same and leaves the plaintiff to his proof.

70. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach lacks sufficient knowledge or information

upon which to form a belief about the truth or falsity of those allegations and therefore denies the same and leaves the plaintiff to his proof.

The Trustee's prayer following Count V makes no factual allegations to which a response is required. To the extent any statement in the prayer is deemed factual, Beach denies the same.

## COUNT VI
## AVOIDANCE AND RECOVERY OF PREFERENCE
## PURSUANT TO 11 U.S.C. § 547

71. Beach adopts and incorporates the responses to the preceding allegations as if set forth fully herein.

72. Beach denies the allegations in Paragraph 72 and notes that the Complaint's allegations regarding the 90-day transfers are internally inconsistent. Compare Paragraph 39 (alleging $42,489.76 in 90-day transfers) with Paragraph 72 (alleging $22,855.31 in 90-day transfers) with Complaint Exhibit 6 (alleging $27,670.65 in transfers between July 2, 2020 and October 2, 2020). Likewise, the Complaint's allegations regarding the One Year transfers are internally inconsistent. Compare Paragraph 39 (alleging $90,520.82 in One Year Transfers) with Paragraph 72 (alleging $61,392.62 in One Year Transfers) with Complaint Exhibit 6 (alleging $74,594.78 in transfers between October 2, 2019 and October 2, 2020).

73. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach denies the same and leaves the plaintiff to his proof.

74. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach denies the same and leaves the plaintiff to his proof.

75. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach denies the same and leaves the plaintiff to his proof.

76. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach denies the same and leaves the plaintiff to his proof.

77. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach denies the same and leaves the plaintiff to his proof.

The Trustee's prayer following Count VI makes no factual allegations to which a response is required. To the extent any statement in the prayer is deemed factual, Beach denies the same.

## COUNT VII
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER
## PURSUANT TO 11 U.S.C. § 548

78. Beach adopts and incorporates the responses to the preceding allegations as if set forth fully herein.

79. Denied. Beach further states that the Complaint's allegations regarding the Two Year transfers are internally inconsistent. Compare Paragraph 79 (alleging $98,124.60 in Two Year Transfers) with Complaint Exhibit 7 (alleging $118,921.76 in transfers between October 2, 2018 and October 2, 2020).

80. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach denies the same and leaves the plaintiff to his proof.

81. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach denies the same and leaves the plaintiff to his proof.

82. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach denies the same and leaves the plaintiff to his proof.

The Trustee's prayer following Count VII makes no factual allegations to which a response is required. To the extent any statement in the prayer is deemed factual, Beach denies the same.

## COUNT VIII
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER
## PURSUANT TO 11 U.S.C. § 544(b)

83. Beach adopts and incorporates the responses to the preceding allegations as if set forth fully herein.

84. Denied. Beach further states that the Complaint's allegations regarding the Four Year transfers are internally inconsistent. Compare Paragraph 84 (alleging $98,124.60 in Four Year Transfers) with Complaint Exhibit 7 (alleging $118,921.76 in transfers between October 2, 2016 and October 2, 2020).

85. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach denies the same and leaves the plaintiff to his proof.

86. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach denies the same and leaves the plaintiff to his proof.

87. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach denies the same and leaves the plaintiff to his proof.

88. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach denies the same and leaves the plaintiff to his proof.

The Trustee's prayer following Count VIII makes no factual allegations to which a response is required. To the extent any statement in the prayer is deemed factual, Beach denies the same.

## COUNT IX
## RECOVERY OF AVOIDABLE TRANSFER
## PURSUANT TO 11 U.S.C. § 550

89. Beach adopts and incorporates the responses to the preceding allegations as if set forth fully herein.

90. This paragraph does not state any factual allegations to which a response is required. To the extent any response is required, Beach denies the same.

91. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach denies the same and leaves the plaintiff to his proof.

92. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach denies the same and leaves the plaintiff to his proof.

93. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach denies the same and leaves the plaintiff to his proof.

The Trustee's prayer following Count IX makes no factual allegations to which a response is required. To the extent any statement in the prayer is deemed factual, Beach denies the same.

## COUNT X
## DISALLOWANCE OF CLAIMS

94. Beach adopts and incorporates the responses to the preceding allegations as if set forth fully herein.

95. Beach admits that this paragraph accurately quotes from the Bankruptcy Code.

96. This paragraph states legal conclusions to which no response is required. To the extent any statement in this paragraph is deemed factual, Beach denies the same and leaves the plaintiff to his proof.

The Trustee's prayer following Count X makes no factual allegations to which a response is required. To the extent any statement in the prayer is deemed factual, Beach denies the same.

## GENERAL DENIAL

To the extent Beach has not admitted, explained, or otherwise answered any allegation within the Complaint, Beach denies any and all such allegations.

## AFFIRMATIVE DEFENSES

Further answering Plaintiff's Complaint, Beach asserts the following defenses without assuming any burden that it would not otherwise have, including without admitting or acknowledging that it bears the burden of proof as to any of the defenses denominated herein. Beach reserves the right to amend her Answer with additional defenses as further information is obtained through discovery:

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Chapter 7 Trustee—the Plaintiff here—failed to conduct "reasonable due diligence in the circumstances of the case" and failed to take "into account [Beach's] known or reasonably

knowable affirmative defenses" before filing the preference actions herein. Those actions are therefore barred by 11 U.S.C. § 547(b). The Plaintiff never contacted Beach regarding the transactions identified herein. Counsel for the prior Chapter 11 Trustee did contact Beach regarding certain transactions, but not until September 6, 2022, less than a month before the Plaintiff filed this action. The Trustee never made any demand to Beach, but instead insisted only that Beach enter into a tolling agreement. Beach's counsel replied on September 9, 2022, requesting any documents, ledgers, or other records on which the Trustee relied to identify the potentially problematic transfers. Neither the Chapter 11 Trustee nor his counsel replied. Beach's counsel wrote again on September 27, 2022. Finally, after this second correspondence, the Chapter 11 Trustee's counsel provided a QuickBooks printout which corresponded to the numbers identified in the Chapter 11 Trustee's September 9, 2022 letter. Thus, the Chapter 11 Trustee's position appeared to be that every transfer between the Debtor and Beach is avoidable.

3. Counts in the Complaint alleging actual or constructive fraud are not pled with particularity as required under Fed. Bankr. R. P. 9009 and Fed. R. Civ. P. 9(b).

4. Any transfers allegedly or actually made from Debtor to Beach were made in the ordinary course of business. The Debtor regularly paid Beach for services rendered to it, including but not limited to the marketing and sale of real estate. Debtor also reimbursed Beach for expenses that Beach paid on Debtor's behalf. These transactions were not out of the ordinary for a party in Debtor's position, complied with the terms of the agreements and understandings between Beach and the Debtor, and were consistent with the prior course of dealing in other similar business transactions between Beach and the Debtor.

5. Any transfers allegedly or actually made from Debtor to Beach were made in exchange for new value to or for the benefit of the Debtor. Beach continued to provide services for and on behalf

of the Debtor, including but not limited to the marketing and sale of real estate, up to the time that Debtor filed for bankruptcy. These services created new value for Debtor, including but not limited to the value of the services rendered and the proceeds of the real estate sales facilitated by Beach. Beach was not fully compensated for these services. These transactions did not diminish the bankruptcy estate.

6. Any transfers allegedly or actually made from Debtor to Beach were intended to and did, in fact, constitute contemporaneous exchanges. The transfers at issue were intended by the Debtor and Beach to be a contemporaneous exchange for new value to the Debtor and were in fact substantially contemporaneous exchanges. Beach was not fully compensated for these services. These contemporaneous exchanges did not diminish the bankruptcy estate.

7. Beach took the alleged transfers from Debtor for value and in good faith.

8. One or more of the transfers from Debtor to Beach in the Complaint was a refund of money mistakenly paid to the Debtor.

9. One or more of the claims asserted by Plaintiff is barred by the applicable statute of limitations. Plaintiff vaguely alleges that additional transfers may be identified in the future. Any claims not yet asserted are barred by the statute of limitations.

10. Because only the Debtor's professionals and/or secured creditors will share in any recovery, the recovery sought by this Complaint will not benefit the estate and therefore the Trustee may not recover under 11 U.S.C. § 550.

### Fed. R. Civ. P. 7012(b) Statement

In accordance with Fed. R. Civ. P. 7012(b), Beach does not consent to entry of final orders or judgment by the bankruptcy court.

WHEREFORE, Defendant Beach prays that all relief sought in Complaint, including interest, costs, and any other equitable, legal, or monetary relief be denied, that the Court dismiss the Complaint, including Counts I-IV, with prejudice, and that the Court award Beach her costs and attorneys' fees and all other relief that justice requires.

**GRAVES GARRETT, LLC**

By: */s/Matthew R. Mueller*
Edward D. Greim, KS 21077
edgreim@gravesgarrett.com
Matthew R. Mueller, KS 78830
mmueller@gravesgarrett.com
1100 Main Street, Suite 2700
Kansas City, MO 64105
Telephone: 816-256-3181
*Attorneys for Mackaylee Beach*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above **DEFENDANT MACKAYLEE BEACH'S ANSWER** was uploaded to the CM/ECF system on December 2, 2022, which will send a notice of electronic filing to the parties receiving electronic notice in these proceedings including counsel for the Chapter 11 Trustee.

*/s/ Matthew R. Mueller*
Matthew R. Mueller